UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEENAN KEEN, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1 06 0039 |
| OFFICER RICHARD SHOALES, | ) JUDGE HAYNES ) |
| Respondent. | ) ) |

## MEMORANDUM

Petitioner, Keenan Keen, is a prisoner in the Turney Center Industrial Prison ("Turney Center") in Only, Tennessee. Proceeding *in forma pauperis*, Petitioner brings this *pro se* action under 42 U.S.C. § 1997c(a)(1) naming Richard Shoales, a Corrections Officer (CO) at Turney Center, as the respondent. Although not entirely clear, it appears that Petitioner seeks to have this Court direct the Attorney General of the United States ("the Attorney General") to intervene on Petitioner's behalf with respect to allegations that CO Shoales has violated his constitutional rights.

Petitioner's claims pertain to the conditions of his confinement at Turney Center, in particular to CO Shoales' alleged harassment of him. Under normal circumstances, the Court would liberally construe this action as arising under 28 U.S.C. § 1983. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982)(the courts are to liberally construe *pro se* actions). However, Petitioner is quite specific that he is bringing this action under 42 U.S.C. § 1997c(a)(1). Accordingly, the Court will address Petitioner's claims in the context of a civil action brought under § 1997c(a)(1).

Under the Prison Litigation Reform Act (PLRA), a prisoner is required to exhaust all available administrative remedies before filing any civil action in district court. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 733 (2001); *Brown v. Toombs*, 139 F.3d 1102, 1103-04 (6th Cir. 1998). More particularly, under § 1997e(a):

> No action shall be brought with respect to prison conditions under section 1983 of this title, ***or any other Federal law***, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The requirement to exhaust administrative remedies is applicable to this action under the highlighted "or any other Federal law" provision of § 1997e(a).

The exhaustion requirement of § 1997e(a) is "mandatory," and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the . . . remedy sought is not an available remedy in the administrative process." *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). Before the district court may adjudicate any claim set forth in a prisoner's petition, it must determine that the prisoner has complied with this exhaustion requirement. *Brown*, 139 F.3d at 1004. Not only is a prisoner required to exhaust as to each defendant, *Burton v. Jones*, 321 F.3d 569 (6th Cir. 2003); *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 733 (6th Cir. 2003), he must show that he has exhausted every claim presented in his petition, *see Bey v. Johnson and Trierweiler*, 407 F.3d 801, 806 (6th Cir. 2005)(adopting the total exhaustion rule); *Rinard v. Luoma*, 440 F.3d 361 (6th Cir. 2006)(following the holding in *Bey v. Johnson and Trierweiler* that established "total exhaustion" as the law in the Sixth Circuit).[1] If a prisoner fails to show that he has exhausted his administrative remedies, his petition is subject to *sua sponte* dismissal. *Brown*, 139 F.3d at 1004.

To establish that he has exhausted his administrative remedies, a prisoner must show that he presented his grievance(s) "through one complete round" of the established grievance process.

---

[1] The law in the Sixth Circuit on the issue of "total exhaustion" appears to be in a state of disarray. Notwithstanding the holdings in *Bey* and *Rinard*, another panel of the Sixth Circuit held recently that "total exhaustion" is not the law in the circuit. *Spencer v. Bouchard, et al.*, __ F.3d __, 2006 WestLaw 152876 (6th Cir. (Mich.))(recommended for full-text publication). However, as explained *infra*, determination of whether Petitioner exhausted his administrative remedies prior to bringing this action in district court does not involve the "total exhaustion" issue.

2

*Thomas*, 337 F.3d at 733. A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." *Wright v. Morris*, 111 F.3d 414, 417 n. 3 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997); *see also Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies, or that it is now futile for him to do so. *See Hartsfield v. Vidor,* 199 F.3d 305, 309 (6th Cir.1999)(*citing Wright*, 111 F.3d at 417 n. 3).

The prisoner has the burden of demonstrating that he has exhausted his administrative remedies. *Brown*, 139 F.3d at 1004. To establish that he has exhausted his administrative remedies prior to filing suit, a prisoner should attach to his petition a copy of any decision demonstrating the administrative disposition of his claims. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Wyatt*, 193 F.2d at 878; *Brown*, 139 F.3d at 1104. However, where no documentation is provided, absent particularized averments regarding the nature of the administrative proceedings and their outcome, the action must be dismissed under § 1997(e). *Knuckles El*, 215 F.3d at 642.

Petitioner has not provided copies of any grievances that he may have filed relevant to this action. Instead, he avers only that:

> [a]ll grievances concerning Co. Richard Shoales, Unit Manager Himes[,] Nicky Jordan[,] Internal Affairs Officers[,] or Grievance Board not investigating complain[t]s have been returned non-grievable or concur[] with supervisor[']s response[.]²

(Petition, ¶ 1, p. 7) Apart from this single statement, Petitioner does not assert anywhere in his petition that he sought to appeal the "non-grievable" determinations, nor can such an inference be liberally construed from the petition itself. In a copy of a document captioned "NOTICE"

---

² Unnecessary or improper capitalization has been eliminated.

3

accompanying the petition, Petitioner also mentions several times having filed grievances pertaining to this matter. However, once again there is nothing in this document from which it can be inferred that Petitioner pursued those grievances through one complete round of the administrative process.

Having been determined "non-grievable," it appears that Petitioner did not pursue his grievances further and, as a consequence of abandoning the process, he failed to seek review of his grievances through one complete round of the administrative process. In other words, Petitioner has not established that he exhausted his administrative remedies prior to bringing this action in district court. Because a "prisoner may not exhaust his administrative remedies during the pendency of the federal suit," *Freeman*, 196 F.3d at 645, and because a prisoner is "not entitled to amend his [petition] . . . to plead exhaustion of administrative remedies" for the purpose of avoiding *sua sponte* dismissal, *Baxter v. Rose*, 305 F.3d 486, 490 (6th Cir. 2002)(relying on *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997)), Petitioner's petition normally would be dismissed without prejudice at this juncture for failure to exhaust. However, where, as here, a claim satisfies the provisions of 42 U.S.C. § 1915(e)(2), it may be dismissed on the merits without requiring exhaustion if the claim is frivolous, malicious, or fails to state a claim on which relief may be granted. *See* 42 U.S.C. § 1997e(c)(2); *Brown*, 139 F.3d at 1103-04.

To state a claim under § 1983, Petitioner must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). Under the PLRA, "courts have no discretion in

4

permitting a [petitioner] to amend a [petition] to avoid a *sua sponte* dismissal" on the merits. *McGore*, 114 F.3d at 612.

The sub-section of the statute under which Petitioner brings this action is quoted below in its entirety:

> Whenever an action has been commenced in *any court of the United States* seeking relief from egregious or flagrant conditions which deprive persons residing in institutions of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing them to suffer grievous harm and the Attorney General has reasonable cause to believe that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, *the Attorney General, for or in the name of the United States, may intervene in such action upon motion by the Attorney General*.

42 U.S.C. § 1997c(a)(1). The Court notes that the documents accompanying the petition appear to show that Petitioner has brought an action against CO Shoales in the Hickman County General Sessions Court. However, the first highlighted portion of the statute above establishes that the Attorney General may intervene only in those cases commenced in a "court of the United States." A "court of the United States" is a federal court – not a state court. Thus, § 1997c(a)(1) does not give the Attorney General the authority to intervene in Petitioner's case against CO Shoales in the Hickman County General Sessions Court.

In addition to the foregoing, research has established that, apart from the instant action, Petitioner has no other actions pending in any federal court in the State of Tennessee. Thus, there does not appear to be an action in "any court of the United States" in which the Attorney General could intervene had he a mind to do so. Even if the Court were to have liberally construed the instant action as one in which the Attorney General could intervene, *i.e.*, had the Court liberally

5

construed this action as arising under § 1983, the question remains whether Petitioner has a private cause of action under § 1997c(a)(1).

The Courts traditionally look at three factors to determine whether a particular statutory provision gives rise to a federal right. *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). The first is whether Congress "intended that the provision in question benefit [Petitioner]." *Id.* (internal citations omitted). Second, Petitioner "must demonstrate that the right assertedly protected by the statute is not so 'vague and amorphous' that its enforcement would strain judicial competence." *Id.* Third, the statute "must unambiguously impose a binding obligation on the States. In other words, the provision must giving rise to the asserted right must be couched in mandatory, rather than precatory, terms." *Id.*

As there is virtually no case law regarding whether a private right of action exists under § 1997c(a)(1),[3] the Court turns to long-standing rules of statutory construction to determine whether § 1997c(a)(1) implicitly provides Petitioner with a private right of action. A familiar canon of statutory construction is that "[t]he language of the statute is the starting point for interpretation, and it should also be the ending point if the plain meaning of that language is clear." *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000), *cert. denied*, 530 U.S. 1209 (2000); *Hudson v. Reno*, 130 F.3d 1193, 1199 (6th Cir. 1997). In other words, the "language must ordinarily be regarded as conclusive." *Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980); *United States v. Turkette*, 452 U.S. 576, 580 (1981). Moreover, when the courts find the language of a statute to be clear and unambiguous, "judicial inquiry is complete, except in 'rare and exceptional circumstances.'" *Garcia v. United States*, 469 U.S. 70, 75 (1984). "[O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a [deviation

---

[3] The Court has found only a single case regarding whether § 1997c(a)(1) provides a private right of action. *See Cooper v. Sumner*, 672 F.Supp. 1361 (D. Nev. 1987)(no private right of action under 42 U.S.C. § 1997c(a)(1).

6

from] the 'plain meaning' of the statutory language." *Id.*

After careful review, the Court concludes that the language of the statute is clear on its face. As indicated by the title of sub-section (a), *i.e.*, "Discretionary authority of Attorney General," and the plain meaning of the wording of the entire statute, the authority under § 1997c(a)(1) is discretionary in nature which authority is vested solely in the Attorney General. More particularly, as shown in the second highlighted portion of the statute quoted *supra* at p. 5, the Attorney General "may intervene" upon his own motion. In other words, it is up to the Attorney to determine when – and if – he will intervene in an action pending in federal court. There is absolutely nothing in § 1997c(a)(1) – or the remainder of the statute – that evenly remotely suggests that a party has the right to bring an action in federal court to compel the Attorney General to intervene on his behalf in pending litigation.

The language of the statute does not support the inference that Congress intended § 1997c(a)(1) to benefit a private party, it does not create a protected right, and it does not impose an obligation on the part of the federal government, binding or otherwise. Because § 1997c(a)(1) does not create a private cause of action, this matter will be dismissed for failure to state a claim on which relief may be granted.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
6-13-06